Kristin A. Zilberstein, Esq. (SBN: 200041)
Jennifer R. Bergh, Esq. (SBN 305219)
LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph: (949) 427-2010 ext. 1010
Fax: (949) 427-2732
kzilberstein@ghidottilaw.com

Attorneys for Bosco Credit LLC, its successors and/or assignees

## UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In Re: | Case No.: 17-20765 |
| David Edward Sims | DC: MRG-5 |
| Debtors. | CHAPTER 13 |
| | **MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND MEMORANDUM AND POINTS AND AUTHORITIES THEREOF** |
| | **Current Hearing Date:** |
| | Date: 3/27/2018 |
| | Time: 1:30 PM |
| | Ctrm: 33, Dept. E |
| | Place: 501 I Street, Sacramento, CA |
| | Honorable Christopher M. Klein |

Bosco Credit LLC, its successors and/or assignees ("Secured Creditor" or "Movant"), moves this Court for an Order Terminating the Automatic Stay of 11 U.S.C. §362 as to the moving party (and the Trustee under the Deed of Trust securing Movant's claim) so that Movant and its Trustee amy commence and continue all acts necessary to foreclose under the

Deed of Trust secured by the Debtor's property, commonly known 3615 6th Avenue, Sacramento, CA 95817, ("Property" herein).  **See Exhibit "1"**.

A copy of Secured Creditor's Relief from Stay Information Sheet is filed concurrently herewith as a separate document pursuant to Local Rules of Court.

On or about 2/7/2017, Debtor filed a Voluntary Petition under Chapter 13 of the Bankrutpcy Code.  Prusuant to 11 U.S.C. §362, the Petition stays the commencement or continuantion of any proceedings against the Debtor or any act to obtain possession of any property of the Debtor or to enforce any lien against any property of the Debtor.  This Court has jurisdiction pursuant to 28 U.S.C. §1334.  The filing of this Motion commences a contested matter within the meaning of Bankruptcy Rule 9014.

Pursuant to 11 U.S.C. §362(d)(1), Movant is entitled to relief from the automatic stay to enforce its lien for cause, including lack of adequate protection of any interest in the Property.  Failure to make mortgage payments in a Chapter 13 can constitute cause for lifing the stay.  The Debtor has the burdent of showing there is no cause to terminate the stay.  *In re Ellis,* 60 B.R. 432 (9th Circ. BAP 1985).  Where cause is shown, courts have no discretion, but msut grant relief.  *In re Ford,* 36 B.R. 501 (Dt 1983).  Movant is not receiving regular monthly post-petition payments.  Debtor is currently post-petition due for 2/1/2017.

As of 2/14/2018, the amount required to fully reinstate Debtor's loan post-petition is approximately

| Monthly payments: | | | | | |
|---|---|---|---|---|---|
| | 1 | at | $717.92 | $ | 717.92 |
| | 1 | at | $794.84 | $ | 794.84 |
| | 1 | at | $781.68 | $ | 781.68 |
| | 1 | at | $819.02 | $ | 819.02 |
| | 1 | at | $2,494.36 | $ | 2,494.36 |
| | 1 | at | $2,534.04 | $ | 2,534.04 |
| | 1 | at | $2,544.96 | $ | 2,544.96 |
| | 1 | at | $2,517.76 | $ | 2,517.76 |
| | 1 | at | $2,082.56 | $ | 2,082.56 |
| | 1 | at | $2,517.76 | $ | 2,517.76 |
| | 1 | at | $2,544.96 | $ | 2,544.96 |
| | 1 | at | $2,558.05 | $ | 2,558.05 |

| | | |
|---|---|---|
| Bankruptcy Attorney Fee: | $ | 850.00 |
| Bankruptcy Filing Fee: | $ | 181.00 |
| **Total Delinquencies:** | **$** | **23,938.91** |

The sums set forth in this motion do not include any late charges, escrow advances, or other fees and charges that might otherwise be included in the event that a payoff is requested or provided.

The next scheduled monthly payments of $2,484.92 continuing each month thereafter. However, this amount may be subject to change pursuant to the terms of the applicable loan documents.

Movant is not adequately protected. Movant is not receiving regular monthly payments, and is unfairly delayed from proceeding with the foreclosure of the Property. Accordingly, relief from the automatic stay should be granted to Movant pursuant to 11 U.S.C. §362(d)(1).

WHEREFORE, Secured Creditor prays for judgment as follows:

1. For an Order granting relief from the automatic stay, permitting Secured Creditor to proceed with loss mitigation including but not limited to Deeds in Lieu, short sales, loan modifications or any other loan work out as allowed by state law and/or proceed with foreclosure under Secured Ceditor's Deed of Trust, and to sell the subject Property at a trustee's sale under the terms of the Deed of Trust to proceed with any and all post foreclosure sale remedies, incuding an unlawful detainer action or any other action necessary to obtain possession of the Property.

2. For an Order that the fourtreen day stay described in Bankrupcty Rule 4001(a)(3) be waived.

3. For an Order modifying the automatic stay to protect Secured Creditor's interest, as the Court deems proper.

4. The Movint Party, at its option, may offer, provide and enter into any potential forebearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreemenet as allowed by state law. The Movant may contact the Debtor via telephone or written correspondence to offer such an

1. agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

3. 5. Furthemore, Movant may contact the Debotr to comply with California Civil Code §2923.5.

5. 6. For such other relief as the Court deems proper.

                                                           THE LAW OFFICES OF MICHELLE GHIDOTTI

Dated: February 20, 2018            By: /s/ Kristin A. Zilberstein
                                                           Kristin A. Zilberstein, Esq.
                                                           Counsel for Bosco Credit LLC